IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

JAVONTAY CANNADY,

    Petitioner,

v.                                                   Civil Action No. 3:09cv41

D.B. EVERETT,

    Respondent.

## MEMORANDUM OPINION

Javontay Cannady, a Virginia prisoner proceeding *pro se*, filed this 28 U.S.C. § 2254[1] petition ("Petition") to challenge the revocation of his probation. (Docket No. 1.) Cannady asserts two grounds for relief, which the Court restates as the following claims.

    Claim 1    The revocation proceedings were flawed because:
                  1(a)    The trial judge abused his discretion by revoking Cannady's probation, in violation of the Due Process Clause[2] (Pet. 5 & Ex. 2, at 1-3);[3]

---

[1] 28 U.S.C. § 2254(a) states in relevant part:

> The Supreme Court, a Justice thereof, a circuit judge, or a district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States.

28 U.S.C. § 2254(a).

[2] "No State shall . . . deprive any person of life, liberty, or property, without due process of law . . . ." U.S. Const. amend. XIV, § 1.

[3] Cannady submitted three exhibits with his Petition. Exhibit 1 is the Supreme Court of Virginia's opinion denying Cannady's state petition for a writ of habeas corpus. (Pet. Ex. 1.) Exhibit 2 supports Cannady's assertions in Claim 1. (*See* Pet. Ex. 2.) Exhibit 3 supports Cannady's assertions in Claim 2. (*See* Pet. Ex. 3.)

1

| | 1(b) | The trial judge abused his discretion by permitting hearsay testimony at Cannady's probation revocation hearing (Pet. 5 & Ex. 2, at 1); and, |
| --- | --- | --- |
| | 1(c) | The trial judge was biased against Cannady (Pet. 5). |
| Claim 2 | | Cannady's counsel rendered ineffective assistance because: |
| | 2(a) | a conflict of interest existed between Cannady and his trial counsel (Pet. 6 & Ex. 3, at 1); and, |
| | 2(b) | Cannady's counsel at the revocation hearing failed to object to the admission of hearsay testimony (Pet. Ex. 3, at 1-2.) |

Respondent filed a motion to dismiss (Docket No. 8) and Rule 5 answer (Docket No. 9), providing Cannady with appropriate *Roseboro*[4] notice (Docket No. 11). Respondent contends that Claims 1(a) and 1(b) lack merit, Claims 1(c) and 2(b) are defaulted,[5] and Claim 2(a) is time-barred. (Resp't's Mem. Law Supp. Mot. Dismiss & Rule 5 Answer ("Resp't's Mem."), ¶¶ 12-16.) Cannady has responded. (Docket No. 13.) Respondent replied (Docket No. 14), and the matter is ripe for disposition. The Court exercises jurisdiction pursuant to 28 U.S.C. §§ 636(c) and 2254. For the reasons that follow, the Court will GRANT Respondent's Motion to Dismiss (Docket No. 8) and DENY the Petition (Docket No. 1.)

## I. Procedural Background

On October 4, 2005, the Circuit Court for the City of Portsmouth ("Circuit Court") convicted Cannady of robbery and sentenced him to serve ten years, with nine years suspended. (Resp't's Mem. ¶ 1.) Cannady did not appeal the conviction.

---

[4] *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975).

[5] In addition, Respondent argues that the rule in *Gagnon v. Scarpelli*, 411 U.S. 778 (1973), also bars Claim 2(b). (Resp't's Mem. ¶¶ 17-23.) Because the Court addresses Claim 2(b) on other grounds, it need not address this argument.

2

On July 13, 2007, following a hearing, the Circuit Court revoked Cannady's probation and sentenced him to serve the remaining nine years of his suspended sentence. (Resp't's Mem. ¶ 1.) Cannady pursued an appeal to the Court of Appeals of Virginia, which denied the petition for appeal on March 12, 2008. *Cannady v. Commonwealth*, No. 1803-07-1 (Va. Ct. App. Mar. 12, 2008) ("Va. Ct. App. Op."), at 1-2; Pet. 2; (Resp't's Mem. ¶ 4). On June 23, 2008, the Supreme Court of Virginia denied Cannady's petition for appeal. *Cannady v. Commonwealth*, No. 080643 (Va. Sup. Ct. June 23, 2008) ("Va. Sup. Ct. Op."); (Pet. 2; Resp't's Mem. ¶ 4).

On August 1, 2008, Cannady petitioned the Supreme Court of Virginia for a writ of habeas corpus. (Pet. 3.) He argued that his counsel at his revocation trial performed ineffectively because she failed to object to the admission of testimony regarding felony charges against Cannady that were later dismissed. (Pet. for Writ of Habeas Corpus, *Cannady v. Warden, St. Brides Corr. Ctr.*, No. 375337 (Va. Sup. Ct. Sept. 30, 2008) ("Va. Sup. Ct. Pet."), Ex. A.) Cannady also argued that the revocation trial was unfair and unjust and that the trial court abused its discretion by imposing the balance of his remaining time. (Va. Sup. Ct. Pet. Ex. B.) On September 30, 2008, the Supreme Court of Virginia denied the petition. *Cannady v. Warden, St. Brides Corr. Ctr.*, No. 375337 (Va. Sup. Ct. Sept. 30, 2008) ("Va. Sup. Ct. Habeas Op."); (Pet. 3, 5; Resp't's Mem. ¶ 5). On January 9, 2009, Cannady filed the instant Petition.[6]

---

[6] The Court considers a prisoner's habeas corpus petition filed on the date he delivers his petition to prison authorities for mailing to the court. *See Houston v. Lack*, 487 U.S. 266, 276 (1988).

## II. Analysis

### A. Claim 1(a) Lacks Merit

Cannady contends that the trial judge abused his discretion by revoking Cannady's probation. (Pet. Ex. 2, at 1.) This claim lacks merit for two reasons. First, the trial court's alleged abuse of discretion does not provide a basis for federal habeas corpus relief. *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991) ("[I]t is not the province of a federal habeas court to reexamine state-court determinations on state-law questions."); *Lewis v. Jeffers*, 497 U.S. 764, 780 (1990) (stating that "federal habeas corpus relief does not lie for errors of state law"). Second, even if the Court were inclined to find that the revocation of Cannady's probation was an abuse of discretion, "[o]nly a conclusion that the state court judge abused his discretion to the extent that petitioner was deprived of his federal constitutional rights to due process could justify any intrusion by this Court." *Klier v. Wainwright*, 345 F. Supp. 947, 949 (S.D. Fla. 1971) (finding that the court had before it ample evidence to show that there was no abuse of discretion in the revocation of petitioner's probation).

No such due process violation exists here. Virginia statute expressly granted the trial court discretion to suspend imposition of a sentence and place Cannady on probation, and subsequently, to revoke that suspended sentence for any reasons the court deemed sufficient. Va. Code § 19.2-303 (West 2005) ("After conviction, whether with or without jury, the court *may* suspend imposition of sentence or suspend the sentence in whole or part and in addition *may* place the accused on probation under such conditions as the court shall determine . . . .") (emphasis added); Va. Code § 19.2-306(A) (West 2007) ("In any case in which the court has suspended the execution or imposition of sentence, the court *may* revoke the suspension of

4

sentence *for any cause the court deems sufficient* that occurred at any time within the probation period, or within the period of suspension fixed by the court.") (emphasis added). "Proof sufficient to support a criminal conviction is not required to support a judge's discretionary order revoking probation." *United States v. Williams*, 378 F.2d 665, 666 (4th Cir. 1967). The court need only be reasonably satisfied that the probationer violated the terms of his release in order to revoke his probation. *United States v. Cates*, 402 F.2d 473, 474 (4th Cir. 1968); *Williams*, 378 F.2d at 666; *Brown v. Slayton*, 337 F. Supp. 10, 13 (W.D. Va. 1971) (finding that a challenge to the sufficiency of the grounds for revocation of probation mirrors a question of the sufficiency of the evidence, and "only in the case where the judgment is totally devoid of evidentiary support would there be raised a federal question cognizable in this court"); *see also Singleton v. Secretary, Dep't of Corr.*, No.8:07cv425T33EAJ, 2009 WL 700689, at *9 (M.D. Fla. Mar. 16, 2009) ("A revocation of probation passes 'constitutional muster' under the Fourteenth Amendment Due Process Clause as long as it is not 'totally devoid' of evidentiary support." (*quoting Douglas v. Buder*, 412 U.S. 430, 432 (1973)).

The trial court had before it ample evidence to establish that Cannady violated the terms of his probation: the transcript of the revocation hearing establishes that Cannady violated four terms of his probation. (Tr. 5:12-8:17.) Specifically, Cannady: (1) received new convictions while on probation[7] (Tr. 5:20-6:3, 7:25-8:4); (2) missed a meeting with his probation officer and

---

[7] The record reflects that Cannady received three new convictions while on probation. On September 26, 2006, the Portsmouth General District Court found Cannady guilty of driving without lights/excessive lights and driving without a license. (Tr. 5:20-24.) On March 22, 2007, the Chesapeake General District Court found Cannady guilty of driving without a seat belt. (Tr. 6:2-6.) On June 13, 2007, the Portsmouth Juvenile and Domestic Court found Cannady guilty of assault. (Tr. 7:25-8:4.)

thus absconded from supervision (Tr. 6:10-19); (3) admitted use of marijuana (Tr. 6:23-25); and, (4) failed to follow through on substance abuse treatment (Tr. 7:3-13, 13:14-19). On this record, the Court of Appeals of Virginia properly denied Cannady's petition for appeal by finding that "[t]he evidence is uncontroverted that appellant violated the conditions of suspension. . . . The record establishes that the trial court had sufficient cause to revoke the suspension of the sentence."[8] (Va. Ct. App. Op. 1-2.) This Court determines that the trial court had before it ample evidence to support a revocation of Cannady's probation, and Claim 1(a) thus lacks merit. Accordingly, Claim 1(a) will be DISMISSED.

### B. Claim 1(b) Lacks Merit

This Court lacks jurisdiction to review a claim that implicates no federal rights. *Estelle*, 502 U.S. at 67-68; *Lewis*, 497 U.S. at 780. "Normally, the admissibility of evidence . . . [is a] matter[] of state law and procedure not involving federal constitutional issues. It is only in circumstances impugning fundamental fairness or infringing specific constitutional protections that a federal question is presented." *Grundler v. North Carolina*, 283 F.2d 798, 802 (4th Cir. 1960). Cannady's allegation that the trial judge improperly permitted hearsay testimony at his revocation hearing does not raise a constitutional violation. *See id.*

Were this Court to consider Cannady's claim to be asserting that the admission of hearsay violated his federal due process rights because it rendered his revocation proceeding fundamentally unfair, Cannady has not met his burden to plead the factual content of such a claim, even under the liberal pleading and review standards this Court must employ. Although

---

[8] The Supreme Court of Virginia similarly denied Cannady's petition for appeal. (Va. Sup. Ct. Op.)

6

Cannady contends that the trial court improperly admitted testimony about numerous, later-dismissed, felony charges against him, Cannady does not clearly allege what offending hearsay is at issue.[9] Cannady fails to show the offending evidence was presented at all, much less that such evidence was somehow false, unreliable, or that it rendered his revocation proceeding fundamentally unfair. *United States v. McCallum*, 677 F.2d 1024, 1026 (4th Cir. 1982) (concluding that, generally, a court may admit hearsay evidence in revocation proceedings if the evidence is sufficiently reliable). Because Cannady does not identify the offending hearsay clearly, this Court cannot make a finding that Cannady has demonstrated the violation of a federal right. Accordingly, Claim 1(b) will be DISMISSED.

### C. Claims 1(c) and 2(b) Are Procedurally Defaulted

#### 1. Principles of Exhaustion and Procedural Default

State exhaustion "'is rooted in considerations of federal-state comity,'" and in Congressional determination via federal habeas laws "that exhaustion of adequate state remedies will 'best serve the policies of federalism.'" *Slavek v. Hinkle*, 359 F. Supp. 2d 473, 479 (E.D.

---

[9] Cannady contends the dismissed charges "include[d] possession of a firearm by a convicted felon, Grand larceny of a Firearm, (2 cts) Aggravated Malicious wounding, (2 cts) Attempted Robbery, and (3 cts) of use of a Firearm in the commission of a felony." (Pet. Ex. 2, at 1.) The Court cannot find in the record before it any reference to that offending hearsay. The transcript of the revocation hearing does not indicate that these charges were discussed at all.
  The record does reflect that Cannady's probation officer testified that at the time he missed an appointment, "he was a fugitive. He was on TV as a fugitive . . . ." (Tr. 12:3-8.) The exact basis for the fugitive status is not on the record, although the state probation made clear that one of Cannady's violations was for absconding when he failed to show for a scheduled visit. (Tr. 6:10-19). In his state habeas petition, Cannady stated that he "was on the news for the dismissed charges." (Va. Sup. Ct. Pet. Ex. B.) The record before the Court also shows that the prosecutor referred to Cannady's juvenile criminal record during sentencing. This does not appear to be the basis of Claim 1(b), however.
  The Court will presume, for purposes of this motion, that the probation officer's reference to his fugitive status constitutes the alleged hearsay to which Cannady now objects.

7

Va. 2005) (*quoting Preiser v. Rodriguez*, 411 U.S. 475, 491-92 & n.10 (1973)). The purpose of the exhaustion is "to give the State an initial opportunity to pass upon and correct alleged violations of its prisoners' federal rights." *Picard v. Connor*, 404 U.S. 270, 275 (1971) (internal quotation marks omitted). Exhaustion has two aspects. First, a petitioner must utilize all "available state remedies before he can apply for federal habeas relief." *Breard v. Pruett*, 134 F.3d 615, 619 (4th Cir. 1998) (*citing Matthews v. Evatt*, 105 F.3d 907, 910-11 (4th Cir. 1997)). Under this aspect of exhaustion, a habeas petitioner "shall not be deemed to have exhausted the remedies available in the courts of the State . . . if he has the right under the law of the State to raise, by any available procedure, the question presented." 28 U.S.C. § 2254(c).

The second aspect of exhaustion requires a petitioner to have offered the state's courts an adequate opportunity to address the constitutional claims advanced on federal habeas. "To provide the State with the necessary 'opportunity,' the prisoner must 'fairly present' his claim in each appropriate state court (including a state supreme court with powers of discretionary review), thereby alerting that court to the federal nature of the claim." *Baldwin v. Reese*, 541 U.S. 27, 29 (2004) (*quoting Duncan v. Henry*, 513 U.S. 364, 365-66 (1995)). Fair presentation demands that "'both the operative facts and the controlling legal principles must be presented to the state court.'" *Baker v. Corcoran*, 220 F.3d 276, 289 (4th Cir. 2000) (*quoting Matthews*, 105 F.3d at 911). Thus, "the presentation to the state court of a state law claim that is similar to a federal claim does not exhaust the federal claim." *Id.* (*citing Duncan*, 513 U.S. at 366); *see Gray v. Netherland*, 99 F.3d 158, 162-64 (4th Cir. 1996) (concluding petitioner had not fairly presented his legal argument to the state courts).

"A distinct but related limit on the scope of federal habeas review is the doctrine of procedural default." *Breard*, 134 F.3d at 619. This doctrine provides that "[i]f a state court

clearly and expressly bases its dismissal of a habeas petitioner's claim on a state procedural rule, and that procedural rule provides an independent and adequate ground for the dismissal, the habeas petitioner has procedurally defaulted his federal habeas claim." *Id.* (*citing Coleman v. Thompson*, 501 U.S. 722, 731-32 (1991)). A federal habeas petitioner also procedurally defaults claims when the "petitioner fails to exhaust available state remedies and 'the court to which the petitioner would be required to present his claims in order to meet the exhaustion requirement would now find the claims procedurally barred.'" *Id.* (*quoting Coleman*, 501 U.S. at 735 n.1).

Absent a showing of cause and prejudice or a fundamental miscarriage of justice due to a petitioner's actual innocence, a court cannot review the merits of a procedurally defaulted claim. *Roach v. Angelone*, 176 F.3d 210, 221 (4th Cir. 1999); *see Harris v. Reed*, 489 U.S. 255, 262 (1989).[10] "Cause" in this context means an "objective factor external to the defense" sufficient to thwart an actual attempt to correctly file the claims in state court. *McNeill v. Polk*, 476 F.3d 206, 214 (4th Cir. 2007) (*citing Richmond v. Polk*, 375 F.3d 309, 324 (4th Cir. 2004)).

### 2. Claim 1(c): The Trial Judge's Alleged Bias

Cannady failed to present Claim 1(c) to the state court. Cannady's petition for appeal to the Supreme Court of Virginia assigned only one error to the trial judge's decision to revoke Cannady's probation: that the trial court abused its discretion by imposing a nine-year sentence. (Br. of Petitioner-Appellant at 3, *Cannady v. Commonwealth*, No. 080643 (Va. Sup. Ct. June 23, 2008).) In his state habeas petition, Cannady raised only two arguments. First, he asserted that his counsel at his revocation trial performed ineffectively because she failed to object to

---

[10] Cannady does not argue that he is actually innocent. *See United States v. Mikalajunas*, 186 F.3d 490, 493 (4th Cir. 1999) ("[I]n order to demonstrate that a miscarriage of justice would result from the refusal of the court to entertain the collateral attack, a movant must show actual innocence by clear and convincing evidence." (*citing Murray v. Carrier*, 477 U.S. 478, 496 (1986)).

9

testimony regarding felony charges against Cannady that were later dismissed, and second, Cannady argued that the revocation trial was unfair and unjust and that the trial court abused its discretion by imposing the balance of his remaining time. (Va. Sup. Ct. Pet. Exs. A, B.) Cannady failed to raise before the Supreme Court of Virginia a claim that the trial judge was biased. Were he to attempt to raise Claim 1(c) now, the Supreme Court of Virginia would find it barred by the rule in *Slayton v. Parrigan*, 205 S.E.2d 680 (Va. 1974), because it should have been, but was not, raised on direct appeal to the Supreme Court of Virginia. *Slayton* is an adequate and independent state procedural rule when so applied. *See Mu'Min v. Pruett*, 125 F.3d 192, 196-97 (4th Cir. 1997). Thus, Claim 1(c) is procedurally defaulted.

Cannady attempts to excuse his default by asserting that Claim 1(c) was never raised "due to ineffective assistance of counsel." (Pet'r's Br. Opp'n to Resp't's Mot. Dismiss 2.) He contends that he "wrote his Counsel [several] letters asking her to express these claims in State Court but she failed to [do] so." (Pet'r's Br. Opp'n to Resp't's Mot. Dismiss 2.) A claim of ineffective assistance of counsel as cause for the procedural default of another claim "is *itself* an independent constitutional claim." *Edwards v. Carpenter*, 529 U.S. 446, 451 (2000). Therefore, a claim of ineffective assistance of counsel as cause for a second constitutional claim must be exhausted, or it may be procedurally defaulted itself. *Id.* at 453.

Here, Cannady presented no such claim to the state court in his state habeas petition.[11] (*See* Va. Sup. Ct. Pet. Exs. A, B.) If Cannady were now to attempt to present Claim 1(c) to the

---

[11] Respondent concedes that Cannady did raise one ineffective assistance of counsel claim before the Supreme Court of Virginia in his state habeas petition. However, that claim alleged ineffective assistance by Cannady's counsel during the revocation hearing and did not address any alleged ineffectiveness of Cannady's trial counsel. (*See* Resp't's Mem. ¶ 16.)

Supreme Court of Virginia, that Court would find the claim procedurally barred pursuant to Virginia Code § 8.01-654(B)(2).[12] Claim 1(c) will be DISMISSED.

### 3. Claim 2(b): Counsel's Failure to Object to Hearsay Testimony at the Revocation Hearing

Cannady failed to "fairly present" Claim 2(b) before the state's highest court. As noted above, Cannady's petition for appeal to the Supreme Court of Virginia assigned only one error to the trial judge's decision to revoke Cannady's probation: that the trial court abused its discretion by imposing a nine-year sentence. (Br. of Petitioner-Appellant at 3, *Cannady v. Commonwealth*, No. 080643 (Va. Sup. Ct. June 23, 2008).) His state habeas petition alleged only two errors: that his revocation hearing was unfair and unjust, and that he suffered ineffective assistance of counsel as a result of his revocation hearing counsel's failure to object to testimony regarding dismissed felony charges. (Va. Sup. Ct. Pet. Exs. A, B.) Cannady did not clearly identify the legal basis for his claim that counsel failed to object to testimony about the dismissed charges.

In the instant Petition, Cannady now asserts the legal ground upon which he bases his challenge to testimony regarding the dismissed charges: he alleges ineffective assistance of counsel on the basis that counsel failed to object to the admission of hearsay. (Pet. Ex. 3, at 1-2; Resp't's Mem. ¶ 16.) Cannady did not fairly present this ground in his state habeas petition. *See Gray*, 518 U.S. at 162-66 (finding that the petitioner had raised a claim that he lacked notice of the prosecution's intent to use certain evidence at sentencing, but that petitioner had failed to raise a distinct claim that the prosecution had misrepresented the evidence to be used at sentencing); *Wiggins v. Johnson*, No. 3:07cv211, 2009 WL 223522, at *4 (E.D. Va. 2009)

---

[12] That statute provides, in pertinent part, that a petition for a writ of habeas corpus "shall contain all allegations the facts of which are known to petitioner at the time of filing. . . . No writ shall be granted on the basis of any allegation the facts of which petitioner had knowledge at the time of filing any previous petition." Va. Code § 8.01-654(B)(2).

11

(finding that petitioner's claim that defense counsel failed to interview, investigate, or subpoena a specific witness did not equate to a claim that counsel failed to interview "available" witnesses). If Cannady were now to attempt to present Claim 2(b) to the Supreme Court of Virginia, that Court would find the claim procedurally barred pursuant to Virginia Code § 8.01-654(B)(2).[13] Accordingly, Claim 2(b) will be DISMISSED.

### D. Claim 2(a) Is Time-Barred

28 U.S.C. § 2244 requires a one-year period of limitation for the filing of a petition for a writ of habeas corpus by a person in custody pursuant to the judgment of a state court. Specifically, 28 U.S.C. § 2244(d) reads:

(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--

    (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

    (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

    (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

    (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

---

[13] Even if the Court did not find Claim 2(b) procedurally defaulted, for the same reasons as discussed regarding Claim 1(b), the Court finds that in this habeas Petition, Cannady fails to allege the *factual* basis for this claim because Cannady does not identify - and the record does not reflect - the offending hearsay at issue. *See* Part II.B, *supra*.

The Circuit Court convicted and sentenced Cannady on October 4, 2005. Because he did not file an appeal, Cannady's conviction became final on Thursday, November 3, 2005. *See* Va. Sup. Ct. R. 5A:6(a);[14] *McAfee v. Angelone*, 87 F. Supp. 2d 605, 606 (W.D. Va. 2000); *see also Harris v. Hutchinson*, 209 F.3d 325, 327-28 & n.1 (4th Cir. 2000). Cannady had one year, or until Friday, November 3, 2006, to file any federal habeas challenge to his conviction or sentence. 28 U.S.C. § 2244(d)(1)(A).

Cannady filed his federal habeas petition on January 9, 2009, well after the November 3, 2006 expiration of the one-year statutory period of limitation. Cannady is not entitled to statutory tolling under 28 U.S.C. § 2244(d)(2) because he filed his state habeas petition on August 1, 2008, similarly after the November 3, 2006 expiration of the one-year statutory period of limitation. Thus, Claim 2(a) is time-barred unless Cannady demonstrates entitlement to belated commencement of the statute of limitations or equitable tolling.

### 1. Belated Commencement of the Limitations Period

In addition to the date on which a judgment becomes final, the statute of limitations may commence on "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." 28 U.S.C. § 2244(d)(1)(D). The date on which a reasonably diligent petitioner could have discovered the factual predicate of a claim under § 2244(d)(1)(D) "is a fact-specific issue the resolution of which depends, among other things, on the details of [his or her] post-sentence conversation with his [or her] lawyer and

---

[14] "No appeal shall be allowed unless, within 30 days after entry of final judgment . . . counsel files with the clerk of the trial court a notice of appeal, and at the same time mails or delivers a copy of such notice to all opposing counsel and the clerk of the Court of Appeals." Va. Sup. Ct. R. 5A:6(a).

13

on the conditions of his [or her] confinement in the period after [sentencing]." *Wims v. United States*, 225 F.3d 186, 190-91 (2d Cir. 2000).

Cannady contends that his trial counsel had once represented a client against whom Cannady later testified, resulting in a conflict of interest. (Pet. Ex. 3, at 1.) He supports Claim 2(a) with a vague, self-serving statement indicating that "[i]nformation has been given to petitioner [recently] about the Counsel who represented him in 2005 that would raise the issue of a conflict of interest." (Pet'r's Br. Opp'n to Resp't's Mot. Dismiss 4.) This statement fails to allege clearly the substance of this recently discovered information, who made such communication, or, of utmost importance for a determination of belated commencement, *when* such communication was made, thereby permitting Cannady to discover the factual predicate of this claim. On this record, Cannady fails to meet the burden of proving that he exercised the due diligence prerequisite to belated commencement of the statute of limitations. *See DiCenzi v. Rose*, 452 F.3d 465, 471 (6th Cir. 2006) ("[T]he petitioner bears the burden of proving that he exercised due diligence, in order for the statute of limitations to begin running from the date he discovered the factual predicate of his claim, pursuant to 28 U.S.C. § 2244(d)(1)(D)."). Therefore, the Court determines that Cannady cannot demonstrate entitlement to belated commencement of the statute of limitations under 28 U.S.C. § 2244(d)(1)(D).

2. **Equitable Tolling**

As with belated commencement, Cannady insufficiently demonstrates his entitlement to equitable tolling. Equitable tolling must be "reserved for those rare instances where–due to circumstances external to the party's own conduct–it would be unconscionable to enforce the limitation period against the party and gross injustice would result." *Harris*, 209 F.3d at 330. "[T]o be entitled to equitable tolling, an otherwise time-barred petitioner must present

14

'(1) extraordinary circumstances, (2) beyond his control or external to his own conduct, (3) that prevented him from filing on time.'" *United States v. Sosa*, 364 F.3d 507, 512 (4th Cir. 2004) (quoting *Rouse v. Lee*, 339 F.3d 238, 246 (4th Cir. 2003) (en banc)). Additionally, a petitioner seeking equitable tolling bears the burden of establishing that he or she has been pursuing his or her rights diligently. *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005). For the reasons stated previously with respect to belated commencement of the limitations period, Cannady has failed to demonstrate due diligence in bringing this claim.[15] Therefore, Claim 2(a) will be DISMISSED.

### III. Certificate of Appealability

An appeal may not be taken from the final order in a § 2254 proceeding unless a judge issues a certificate of appealability ("COA"). 28 U.S.C. § 2253(c)(1)(A). A COA will not issue unless a prisoner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This requirement is satisfied only when "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 n.4 (1983)).

---

[15] Moreover, "the *possibility* of [a] conflict [of interest] is insufficient to impugn a criminal conviction. In order to demonstrate a violation of his Sixth Amendment rights, a defendant must establish that an actual conflict of interest adversely affected his lawyer's performance." *Cuyler v. Sullivan*, 446 U.S. 335, 350 (1980) (emphasis added); *see also Mickens v. Taylor*, 535 U.S. 162, 173-74 (2002) (holding that, where trial "counsel protested his inability simultaneously to represent multiple defendants," and where the trial court was not required to make any inquiry into a potential conflict of interest, "it was at least necessary, to void the conviction, for petitioner to establish that the conflict of interest adversely affected his counsel's performance"). Cannady has made no showing that the alleged potential conflict adversely affected his trial counsel's performance. This Court finds that Cannady has not demonstrated that extraordinary circumstances beyond his control prevented him from filing on time and does not merit equitable tolling of the statute of limitations.

No law or evidence suggests that Cannady is entitled to further consideration in this matter. A certificate of appealability is therefore DENIED.

## IV. Conclusion

For the foregoing reasons, Respondent's motion to dismiss will be GRANTED. (Docket No. 8.) Cannady's Petition will be DENIED, and the action will be DISMISSED. (Docket No. 1.) A COA will be DENIED.

An appropriate Order shall issue.

/s/
M. Hannah Lauck
United States Magistrate Judge

Date: 3-24-10
Richmond, Virginia

16